IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAPGEMINI U.S. LLC, ) <br> ) <br>                     Plaintiff, ) <br> ) <br>      -against- ) <br> ) <br> SURESH KANCHUSTAMBHAM, ASHOK ) <br> LAKSHMAN, K-MACS LLC, and MADHURI ) <br> BONDADA, ) <br> ) <br>                     Defendants. ) | Civil Action No. <br> 1:13-CV-01727-ODE |

**BRIEF IN SUPPORT OF PLAINTIFF'S *EMERGENCY* MOTION FOR
PRE-JUDGMENT ATTACHMENT OF CERTAIN OF
DEFENDANTS' REAL PROPERTY AND/OR INJUNCTIVE RELIEF**

Plaintiff Capgemini U.S. LLC ("Capgemini") respectfully requests, on an *emergency* basis, that the Court permit pre-judgment attachment of certain real property of defendants Suresh Kanchustambham a/k/a Suresh Kanchusthambham ("Suresh"), his wife Madhuri Bondada ("Madhuri")  and Ashok Lakshman ("Ashok", and, together with Suresh, Madhuri and Suresh's and Madhuri's company K-Macs LLC, "Defendants")  in accordance with O.C.G.A. §§ 18-3-1(1) et seq. to provide security for a potential judgment against Defendants that would likely otherwise be uncollectable.  The real property that Capgemini seeks to attach

1

consists of (i) real property of Suresh and Madhuri located at 770 Pimlicon Place, Suwanee, GA 30024 (the "Pimlicon Place Property"), (ii) real property of Suresh located at 655 Earlham Drive, Suwanee, GA 30024, and (iii) real property of Ashok located at 615 Earlham Drive, Suwanee, GA 30024 (the "Properties").  As explained in the accompanying Motion, an emergency hearing and resolution of this Motion on an expedited basis is necessary under LR 7.2(B), NDGa, because a closing of sale of the Pimlicon Place Property is scheduled for on or before June 15, 2013.  In connection with this urgency, Capgemini also seeks injunctive relief.

## I.     Introduction

Capgemini has a statutory right, pursuant to O.C.G.A. §§ 18-3-1(1) et seq., to an Order from this Court for attachment of real property as Capgemini has claims for significant money damages against Defendants, who have moved to, are about to move to, reside in or have absconded to India.  Pre-judgment attachment is also an equitable solution as otherwise Defendants may successfully render themselves judgment-proof.

As more fully set forth below and in the Affidavit of Rick Hymer attached hereto as Exhibit "A" ("Hymer Affidavit" or "Hymer Aff."), Defendants are former employees or contractors of Capgemini, a technology consulting firm. Defendants Suresh and Ashok violated their respective employment agreement

with Capgemini by stealing a technology consulting opportunity from Capgemini to perform it for themselves, for their own benefit. In particular, Defendants and Suresh began performing services for BidReady LLC ("BidReady") on Capgemini time, while using Capgemini personnel and resources to perform the work and received compensation therefor, all without Capgemini's knowledge or consent. As a result, Capgemini has suffered damages in an amount to be determined at trial, but believed to be approximately $3.5 million.

In furtherance of their scheme, Suresh and Ashok fraudently caused Capgemini to pay Suresh's wife Madhuri approximately $150,000 as a contractor, when in fact Madhuri performed no services whatsoever for Capgemini and appears to have instead provided services for BidReady. Capgemini has asserted claims against Defendants for breach of contract, breach of fiduciary duty, unjust enrichment and fraud.

After Capgemini confronted Defendants about their wrongful conduct, Ashok, Madhuri and Ashok left the United States for India. Defendants Suresh and his wife Madhuri have not only moved to India, but they also have a sale of their Pimlicon Place Property pending, with a closing scheduled for on or before June 15, 2013. Accordingly, pursuant to O.C.G.A. § 18-3-1, et seq., pre-judgment attachment is the appropriate remedy and one necessary on an expedited basis.

Thus, Capgemini respectfully requests the Court issue an Order of attachment and injunctive relief.

## II.     Factual Background

For purposes of brevity, most of the relevant facts are fully set forth in the Hymer Affidavit (Exhibit "A") and will not be repeated herein, but are incorporated by reference.  Capgemini respectfully refers the Court to the Hymer Affidavit and exhibits thereto for their contents.

In addition, the record reflects additional facts confirming that defendants are no longer within the state of Georgia.  Attempts to serve each of the defendants have been unsuccessful.  (*See* Affidavits of Non-Service [DE 6, 7, 8, and 9]).  For example, in attempting to serve Ashok, the process server was encountered with another individual living at Ashok's address who would not respond to any inquiries about Ashok's whereabouts.  (*Id.* [DE 6]).  At Suresh's and Madhuri's address, a "large stack of newspapers" were piled up, the home was "mostly empty," and the neighbors stated that defendants had "moved to India." (*Id.* [DE 7, 8]).

### III.  Argument and Citation of Authorities

A.  **Attachment is Authorized by Georgia Law.**

"At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for the seizing of a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a).  Under Georgia law, attachment may issue when the debtor:

>   (1)   Resides out of the state;
>
>   (2)   Moves or is about to move his domicile outside the limits of the county;
>
>   (3)   Absconds;
>
>   (4)   Conceals himself;
>
>   (5)   Resists legal arrest; or
>
>   (6)   Is causing his property to be removed beyond the limits of the state.

O.C.G.A. § 18-3-1, *accord Image Mills, Inc. v. Vora*, 245 S.E.2d 882, 883 (Ga. Ct. App. 1978); *Benefield v. Radiator Specialty Co.*, 158 S.E.2d 423, 424 (Ga. Ct. App. 1967) ("Attachment may issue where a debtor resides out of the state in all cases of money demands, whether arising ex contractu or ex delicto."); *Edwards Mfg., Co. v. Hood*, 145 S.E. 87, 89 (Ga. 1928).  As Suresh, Madhuri and Ashok no longer reside in this state, have moved or are about to move, or have absconded to India (Hymer Aff. ¶¶ 22-28 and Exs. 5, 8-10), their property is subject to

attachment under Georgia law to secure a potential judgment in favor of Capgemini. Georgia law does not require Capgemini to make any further showing for such attachment to issue.

**B.     Attachment is Appropriate to Protect Capgemini's Recovery on a Potential Judgment.**

While, aside from the legislature's directive that the property of a defendant who resides outside the state, moves or is about to move or has absconded may be attached prior to judgment, Georgia courts have not delved into the specific purposes of the attachment statutes. However, other courts have explained that attachment is designed to secure a potential judgment. *See, e.g., Cargill, Inc. v. Sabine Trading & Shipping Co.,* 756 F.2d 224, 227 (2d Cir. 1985) (attachment serves the "independent purpose of providing security for a potential judgment against a nonresident"); *ITC Entm't, Ltd. v. Nelson Film Partners,* 714 F.2d 217, 220 (2d Cir. 1983) (same); *S & G Press, Inc. v. Harris Graphics Corp.,* 718 F. Supp. 1459, 1460 (N.D. Cal. 1989) (attachment is available to secure a potential future judgment against a nonresident defendant).

Here, Capgemini, too, seeks pre-judgment attachment as a means of securing its potential judgment against Suresh, Madhuri and Ashok and, therefore, the requested relief is proper under the express language and intent of the statute.

### C. Equity Supports an Order of Attachment Accompanied by a Bond.

An order of attachment would promote much needed fairness between the parties. It would give Capgemini an opportunity to recover on any judgment. Further, in order to protect Defendants from any harm resulting from the attachment in the unlikely event that Defendants prevail in this action, Capgemini hereby is ready and able to tender a bond equal to twice the amount of the attachment, in accordance with O.C.G.A. § 18-3-10. As demonstrated by Hymer Aff. Exs. 3, 4 and 5, the combined value of the Properties in issue are approximately $625,000; Capgemini is, therefore, ready to tender a bond to the Clerk of Court in the amount of $1,250,000.

### D. The Court Should Also Issue an Injunction Preventing the Sale of the Properties, Among Other Relief.

Pursuant to Fed. Rule Civ. P. 65, this Court is vested with discretion to issue a temporary restraining order. Temporary injunctive relief is proper where it appears that the plaintiff is entitled to the relief demanded, and such relief consists in restraining an act, the continuance of which would produce injury to the plaintiff during the pendency of the litigation. Fed. R. Civ. P. 65 (b). To obtain such relief, an applicant must show (i) a substantial likelihood that it will prevail on the merits of its claim; (ii) a threat of irreparable injury if the injunction is not granted; (iii) that such harm to the applicant outweighs any threatened harm the

injunction may have on other parties; and (iv) that the injunction is not offensive to the public interest. *See Statewide Detective Agency v. Miller*, 115 F.3d 904, 905-06 (11th Cir. 1997).

All of these prerequisites are met herein. Capgemini clearly has a likelihood of success on its instant Motion for pre-judgment attachment because, as set forth above, the statutory requirements have been met, namely that Suresh, Madhuri and Ashok have moved from, are about to move from or have absconded from the State. (*See* Hymer Aff.; Affidavits of Non-Service [DE 6, 7, 8, and 9]).

Further, to the extent necessary, Capgemini also has a likelihood of success on the merits of the underlying action. As demonstrated by the Hymer Affidavit, Suresh and Ashok clearly agreed that they would not usurp corporate opportunities from Capgemini and if they did so Capgemini would be entitled to damages (Hymer Aff. ¶¶ 7-10 and Ex. 1 at Exs. A and B, Exs. 6-7). Nevertheless, Suresh and Ashok performed services for BidReady for their own benefit and without the knowledge or consent of Capgemini, causing harm to Capgemini (Hymer Aff. ¶¶ 11-21 and Ex. 11). Further, Madhuri provided no work to Capgemini yet was paid $150,000 (Hymer Aff. ¶ 17).

There is clearly a threat of irreparable injury if Defendants are permitted to sell their respective Property and transfer assets out of the United

States, as any judgment would be rendered uncollectible. *See SRB Investment Services, LLLP v. Branch Banking and Trust Company*, 709 S.E.2d 267, 272 (Sup. Ct. GA 2011) ("When a money judgment is likely to be uncollectible because a debtor has fraudulently moved assets in an attempt to dissipate or conceal them from a creditor, Georgia law, both before and under the Georgia UFTA, gives the creditor the right to seek interlocutory relief by freezing the assets where they are"); *Motorola, Inc. v. Abeckaser*, 2009 U.S. Dist. LEXIS 40660, *12-13 (E.D.N.Y. May 14, 2009) ("[C]ourts in this Circuit have found, in cases involving similar circumstances, that a plaintiff's showing that a defendant's actions are likely to render a judgment uncollectible qualifies as a showing of irreparable harm."); *Carabillo v. Ullico Inc. Pension Plan and Trust*, 355 F. Supp. 2d 49, 55 (D. D.C. 2004) ("Courts have also recognized that economic loss may constitute 'irreparable harm' where the defendant would become insolvent or otherwise judgment-proof prior to the conclusion of litigation, thus making the plaintiff's alleged damages unrecoverable.").

Moreover, the harm to Capgemini outweighs any threatened harm the injunction may have on Defendants because otherwise Capgemini would have no means of recovering for Defendants' misconduct, while Defendants may maintain their right to their assets and dispose of them in the future if they prevail in this

action. Defendants are further protected by the bond described above that Capgemini is ready and able to tender. Further, the injunction is not offensive to the public interest as parties should be held accountable for breaching their respective contracts and duties of loyalty, as well as for committing fraud. Defendants should not be permitted to escape the consequences of their wrongdoing by moving themselves and their assets to India.

## IV. Conclusion

For the foregoing reasons, Capgemini respectfully requests that its motion be GRANTED on an *emergency* basis and that the Court enter an Order similar in form to the proposed Order attached hereto as Exhibit "B".

Respectfully submitted this 3rd day of June, 2013.

ARNALL GOLDEN GREGORY LLP


By: s/ Anuj Desai
    Andrew B. Flake
    Georgia Bar No. 262425
    Anuj Desai
    Georgia Bar No. 193889
    171 17th Street Northwest, Suite 2100
    Atlanta, GA 30363
    Tel:  404-873-8658
    anuj.desai@agg.com

    Gerry Silver, Esq.
    SULLIVAN & WORCESTER LLP
    (Admitted Pro Hac Vice)
    1633 Broadway
    New York, New York 10019
    Phone:  (212) 660-3096
    Fax:  (212) 660-3001
    gerry.silver@sandw.com

    Attorneys for Plaintiff

## **RULE 7.1 CERTIFICATION**

By his signature below, and as required by LR 7.1, counsel for Plaintiff certifies that the foregoing pleading has been prepared with Times New Roman, Size 14.

                                          s/ Anuj Desai
                                          Anuj Desai, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR PRE-JUDGMENT ATTACHMENT OF CERTAIN OF DEFENDANTS' REAL PROPERTY AND/OR INJUNCTIVE RELIEF by electronic mail and by placing a copy of the same in the United States mail, postage paid, addressed as follows:

>Ashok Lakshman
>615 Earlham Drive
>Suwanee, GA 30024
>Aklakshman05@gmail.com
>
>Suresh Kanchustambham
>Madhuri Bondada
>770 Pimlicon Place
>Suwanee, GA 30024
>kmacs.com@gmail.com
>madhuribondada@gmail.com
>
>K-Macs LLC
>770 Pimlicon Place
>Suwanee, GA 30024
>kmacs.com@gmail.com

Dated:  June 3, 2013.

>s/ Anuj Desai
>Anuj Desai, Esq.

13