FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUN - 7 2013

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CAPGEMINI U.S. LLC, )
)                    Civil Action No.
            Plaintiff, )                    1:13-CV-01727-ODE
)
      -against- )
)
SURESH KANCHUSTAMBHAM, ASHOK )
LAKSHMAN, K-MACS LLC, and MADHURI )
BONDADA, )
)
           Defendants. )

## ORDER

This matter is before the Court on the *Emergency* Motion of Plaintiff Capgemini U.S. LLC ("Capgemini") for Pre-Judgment Attachment of certain of the Defendants' property and for related injunctive relief. For the reasons set forth therein, the Court GRANTS Plaintiff's Motion as follows.

The Court ORDERS that a Writ of Attachment be issued in favor or Capgemini as provided below, allowing Capgemini to attach, pursuant to O.C.G.A. § 18-3-1, the following properties: (i) real property of defendants Suresh Kanchustambham a/k/a Suresh Kanchusthambham ("Suresh") and his wife Maduri Bondada ("Madhuri") located at 770 Pimlicon Place, Suwanee, GA 30024, (ii) real

property of Suresh located at 655 Earlham Drive, Suwanee, GA 30024, and (iii) real property of defendant Ashok Lakshman ("Ashok") located at 615 Earlham Drive, Suwanee, GA 30024 (collectively, the "Property"). The Property, less estimated mortgage loans on the Property, is collectively valued at approximately $337,500 (the "Attachment Amount").

The Court further ORDERS that Capgemini present to the Clerk of this Court, for filing into the registry of the Court, a bond, pursuant to O.C.G.A. § 18-3-10, in the amount of $675,000 (the "Attachment Bond"), which is double the Attachment Amount. The Bond must be filed before the above-referenced Writ of Attachment may issue.

Pursuant to Fed. R. Civ. P. 65, the Court further ORDERS that Suresh, Madhuri and Ashok, acting directly or indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of Defendants, are hereby temporarily restrained and enjoined from selling or otherwise conveying any of the aforesaid Property. This temporary restraining order will last for 10 (ten) days after date of entry of this order.

IT IS FURTHER ORDERED that the foregoing temporary restraining order shall be effective upon Capgemini giving security in the sum of $675,000 for the payment of such costs and damages as may be incurred or suffered by any

2

Defendant or any officer, agent or representative of Defendants who is found to have been wrongfully restrained (the "Restraining Order Bond").

**SO ORDERED**, this _7_ day of _June_ _4:50 pm_, 2013.


ORINDA D. EVANS
United States District Judge

{N0345209; 1}